UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Peter S. Salib | No. 25 M 305<br><br>(Before the Executive Committee) |

**RULE TO SHOW CAUSE**

Per the Illinois Attorney Registration and Disciplinary Commission, Peter S. Salib is an attorney, who is active and authorized to practice law in the State of Illinois as of July 17, 2018.

Peter S. Salib is not a member of this Court's general bar or trial bar.

From approximately December 2010 through June 2021, Peter S. Salib was an Assistant United States Attorney, who was assigned to *U.S. v. Spann*, 17 CR 611.

Peter S. Salib left the United States Attorney's Office in June 2021 and entered private practice.

The *Spann* trial took place in the Fall and Winter of 2021.

In April 2024, it was disclosed that, from the overflow courtroom, Peter S. Salib made audio recordings of the government's closing argument in *Spann* in violation of the August 23, 2018 Joint Courthouse Security Order (Attachment A) and Local Rule 83.1(c), which states:

> No Cameras or Recorders. Except as provided for in an Order of the Court, direction of the Chief Judge, or the United States Marshal, the taking of photographs, video, radio and television broadcasting, or taping in the court environs during the progress of or in connection with any judicial proceeding, whether or not court is actually in session, is prohibited.

On review of this matter, the Executive Committee directs Peter S. Salib to show cause why he should not be sanctioned for violating this Court's Order and Local Rules. Therefore,

IT IS ORDERED that, pursuant to Rule 83.1(d) of the Local Rules of this Court, Peter S. Salib shall file an answer to this Rule to Show Cause, explaining why the Executive Committee should not impose sanctions for violating this Court's August 23, 2018 Joint Courthouse Security Order and Local Rule 83.1(c). The answer shall be emailed to Clerk of the Court Thomas G. Bruton at Thomas_Bruton@ilnd.uscourts.gov and is due within fourteen (14) days of receipt of this Rule to Show Cause.

IT IS FURTHER ORDERED that the Clerk shall cause a copy of this Rule to Show Cause to be emailed to peter.salib@bakermckenzie.com, the email address registered with the Illinois Attorney Registration and Disciplinary Commission, delivery receipt requested.

ENTER:

FOR THE EXECUTIVE COMMITTEE

_____
Hon. Virginia M. Kendall, Chief Judge

Dated at Chicago, Illinois this 21st day of May 2025

<div style="text-align:center">

UNITED STATES COURT OF APPEALS
FOR THE
SEVENTH CIRCUIT

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

**August 23, 2018**

</div>

     This Order pertains to the Everett McKinley Dirksen United States Courthouse located at 219 S. Dearborn Street, Chicago, IL and the Stanley J. Roszkowski United States Courthouse located at 327 S. Church Street, Rockford, IL. In addition to the restrictions set forth in Seventh Circuit Rule 55, Illinois Northern District Court Local Rule 83.1, and corresponding sections of 41 CFR Part 102-74, Subparts C and D, this Order shall provide further guidance and restrictions in order to maintain a safe environment for the orderly administration of justice in the Northern District of Illinois. The United States Marshals Service "shall command all necessary assistance to execute its duties" and "retains final authority regarding security requirements for the judicial branch of the Federal Government."[1] This Order supersedes, and shall cancel all Orders previously issued on these topics.

<div style="text-align:center">

**PROPER IDENTIFICATION TO ENTER COURTHOUSES**

</div>

     The Real ID Act of 2005 establishes minimum standards for individuals seeking access to Federal facilities where identification is required to be presented. The United States Marshal, in consultation with the Building Security Committees of the Northern District of Illinois, has determined the requirement for visitors to present identification to Court Security Officers upon entry into the Courthouses. The Act requires officials at Federal facilities to determine which forms of identification are acceptable for admission.

     The United States Marshal shall accept the following unexpired forms of identification for all visitors to gain access to Courthouses in the Northern District of Illinois:

- United States Passport and United States Passport Card
- Permanent resident card
- Department of Homeland Security enhanced driver's license
- Driver's License or other state photo identification card issued by Department of Motor Vehicles (or equivalent), issued by any of the 50 United States, the District of Columbia, and the United States Territories of Puerto Rico, the Virgin Islands, Guam, American Samoa and the Commonwealth of the Northern Mariana Islands
- Department of Homeland Security Presidential Directive 12 (HSPD-12) Personal Identity Verification Card
- Foreign government-issued passport, recognized by the Department of State

---

[1] 28 U.S.C. § 566(c) and (i)

<div style="text-align:right; color:#b8452a">ATTACHMENT A</div>

Any visitor under the age of 18, without an adult escort, who offers a school-issued identification card shall be allowed access to the Courthouses.

Any visitor who does not have an accepted form of identification listed in this Order may be escorted by a licensed attorney (providing his or her bar registration number), or an employee of a tenant agency of the Courthouses. Following security screening, the United States Marshal shall require that individual to record his or her name in a log maintained by Court Security Officers.

The United States Marshal, or his or her designee, may for good cause shown approve access to any visitor to the Courthouses who does not have an acceptable form of identification listed in this Order, should the United States Marshal determine that access is appropriate and necessary.

## FIREARMS AND WEAPONS

No person other than the United States Marshal, Deputy United States Marshals, Court Security Officers, sworn Federal Protective Service Officers, or Federal Law Enforcement Officers assigned to agency-occupied space at the Dirksen Courthouse shall otherwise possess any firearms in the Courthouse, except as follows:

Federal Law Enforcement Officers assigned to agency-occupied space in the Dirksen Courthouse may secure their weapons in their agency office in the Courthouse, but may not possess them in any other area of the Courthouse, inclusive of any courtroom.

No person other than the United States Marshal, Deputy United States Marshals, Court Security Officers or sworn Federal Protective Service Officers, shall possess firearms in the Roszkowski Courthouse.

No person other than the United States Marshal, Deputy United States Marshals, or Court Security Officers shall possess firearms in any courtroom in the Courthouses.

The United States Marshal shall take steps necessary to provide for a secure area for the deposit of firearms of all other law enforcement officers who wish to be, or are required to be, present in the Courthouses.

Members of the public shall not introduce or possess any firearm, defined by 26 U.S.C. § 5845, or dangerous weapon, defined in 18 U.S.C. § 930(g)(2), into a Courthouse of this District. Potentially dangerous weapons shall be confiscated by the direction of the United States Marshal. Any party wishing to introduce a firearm as evidence in a judicial proceeding is required to contact the United States Marshal in advance for information on the applicable procedures.

## ELECTRONIC DEVICES

The Court recognizes the importance of: 1) Protecting the freedom of the press and the right of the general public to attend and have access to information about Court proceedings that are open to the public; and, 2) protecting the rights of all litigants who come before the Court to the fair and impartial administration of justice in an appropriate courtroom setting that is free from undue distractions and disturbances. Therefore, any Judge of the Court may, in his or her discretion, permit the use of technology to receive and send electronic communications on devices by persons in the public area of the courtroom during Court proceedings, so long as such use of technology does not include the use of any photography, videography, broadcasting, radio, telephone or other audio transmission, or any audio or visual recording or transmission, in violation of Local Rule 83.1(c), and does not emit sounds or otherwise disturb or distract from Court proceedings.

Each Judge of the Court has the discretion to determine whether the use of a device for purposes of sending and/or receiving electronic communications constitutes an undue disturbance or distraction, or otherwise should be prohibited in his or her courtroom at any time. Prior to the use of an electronic device in a courtroom, members of the media and the general public shall first review any orders posted at the entrance of the courtroom or confer with the deputy clerk or the Court Security Officer to determine any restrictions beyond those outlined in this Order.

## GUIDELINES REGARDING VIDEOGRAPHY & PHOTOGRAPHY OF THE UNITED STATES COURTHOUSES

The freedom of the press is an important Constitutional protection. Therefore, the Court provides media personnel the privilege of using the lobbies of the Courthouses to gather newsworthy information and protect the public's right of access to the Courts, as well as protecting the physical safety and security of members of the public, Courthouse employees, and media personnel who make use of the Courthouses.

Designated media areas located within the secured areas of the Courthouse lobbies shall be determined, maintained, and supervised by the United States Marshal for use by media personnel during hours when the Courthouses are open to the public, consistent with appropriate Courthouse decorum.

No member of the media may solicit or conduct any on- or off-camera interview for broadcast or publication anywhere within the Courthouses, including the lobbies, other than within the designated media areas; this includes leaving the designated media areas to film, photograph, or interview visitors or employees passing through the lobby areas.

Any members of the public or government personnel who assent to be interviewed by the media in the Courthouses, or on the Courthouse grounds, shall be positioned to avoid filming any security equipment or device during such interviews.

No member of the media or member of the public may film, photograph, or record a video image of any uniformed Courthouse security personnel on duty within the Courthouses, or on the Courthouse grounds, or any security equipment or device in the Courthouses, or on the Courthouse grounds. The dissemination of such a film, photograph, or video image by a member of the media or member of the public shall be considered a violation of this Order.

### REGISTRATION OF MEDIA PERSONNEL & MEDIA ACCOMMODATIONS

The Clerk of Court may provide privileges and accommodations to media personnel, including but not limited to: 1) Reserved courtroom seating; 2) access to designated media offices and areas within the Courthouses, and; 3) periodic updates regarding developments in cases of interest. In exchange for these special accommodations, the Clerk of Court may require advance registration of all media personnel desiring privileges and accommodations.

As part of the registration process, the Clerk of Court may require proof of identification for media personnel desiring privileges and accommodations, and may require that such media personnel abide by the Orders, Guidelines, and Local Rules of the Court while in the Courthouses.

### GUIDELINES REGARDING THE USE OF QUINCY COURT

The Dirksen Courthouse is located immediately adjacent to the area referred to as Quincy Court (*i.e.*, the area east of the Dirksen Courthouse between the State Street sidewalk on the east, 11 West Quincy Court on the south and 220 South State on the north).

The United States Marshal shall create a security buffer zone in Quincy Court that reasonably restricts the movement of individuals from entering into Quincy Court and the areas immediately adjacent to the Dirksen Courthouse. The United States Marshal shall screen individuals who wish to access the area of Quincy Court, that has been restricted by a barrier, in the lobby of the Dirksen Courthouse prior to entering Quincy Court. All individuals who access Quincy Court must provide the necessary government identification card as required by this Order.

Signs shall be posted in the Quincy Court area to properly notify individuals of the requirement of entering Quincy Court through the security screen stations located at the Dirksen Courthouse. Reasonable time restraints on the use of Quincy Court must be implemented in order to maintain security surrounding the Dirksen Courthouse, and therefore Quincy Court shall be closed to the public during the hours that the Dirksen Courthouse is closed to the public.

Nothing in this Order shall infringe upon an individual's right to access the public sidewalks that adjoin the Dirksen Courthouse and Quincy Court.

## ENFORCEMENT

The United States Marshal is authorized to enforce the directives of this Order that supersedes all previously-issued Orders of this Court on these matters. Any person found to have violated this Order may be held in contempt of Court, cited, and/or expelled from the Courthouses until an order of the Chief Circuit or District Judge, upon petition, reinstates access to the Courthouses.

_____
Diane P. Wood
Chief Judge
United States Court of Appeals
Seventh Circuit

_____
Rubén Castillo
Chief Judge
United States District Court
Northern District of Illinois